MICHAEL H. CASHMAN, EXECUTOR, ETC., APPELLANT, v. FERNANDO WOOD, RESPONDENT.

*Eminent domain — proceeds of land taken for — power of sale — right of trustee under to.*

A naked power to sell real estate does not authorize the executor, to whom it is given, to maintain an action for an award made for lands taken by right of eminent domain. He must, in addition to the power, show that he has some right to the possession of the money, either for the purposes of administration or as trustee under the will.

Appeal from an order of the Special Term sustaining a demurrer to the complaint.

*A. C. & M. H. Ellis*, for the appellant.

*Devlin, Miller & Trull*, for the respondent.

Davis, P. J.:

The plaintiff sues as sole executor of the last will and testament of Daniel Cashman, deceased, and avers that Daniel Cashman died seized of an undivided half of certain premises described in the complaint, leaving his last will and testament, which was afterward duly admitted to probate, by which he appointed the plaintiff his executor, with others who have failed to qualify, and that by said will and testament said testator gave power to his executor to sell and convey any or all of his real estate; that subsequently the real estate of which the deceased died seized was taken by the City of New York, under the right of eminent domain, for a part of River-side park; that damages were awarded therefor to "unknown owners," pursuant to the statute in such case made and provided; that the damages so awarded were paid to the Chamberlain of the City of New York; that afterward, by the order of this court, the same were paid to the defendant, and that under and in pursuance of the statutes in such case made and provided, the defendant became indebted to the said plaintiff in the sum demanded in the complaint. To this complaint the defendant demurs, alleging that the complaint does not state facts sufficient to constitute a cause of action; and that there is a defect of parties defendant. It was held by the court below that the plaintiff, as executor, could not maintain this action, on the ground of the power of sale contained in the will; but that to entitle him to recover the money, it must appear that he has some right to its possession, either for purposes of administration or as a trustee under the will. We think the position of the court below well taken. The power of sale, as stated in the complaint, is a naked one. There are no allegations showing its objects or purposes, and none showing that any trust is created by the will, the proper execution of which would require that the fee of the lands should be invested in the executor or trustee; nor are there any allegations showing that the proceeds of

a sale by the executor are necessary for the purpose of paying the debts of the testator in due course of administering his estate. It appears in the complaint that the exercise of the right of eminent domain, by which the lots in question were taken, occurred subsequent to the death of plaintiff's testator. The effect of that exercise was to deprive the executor of all power to sell and convey the real estate under the will; but we think it would not deprive him of the right to maintain this suit, under proper allegations showing a necessity that the proceeds should come into his hands in his official character, for the purpose of carrying out trusts created by the will, or for the payment of debts in the course of due administration. In the absence of all such allegations, and of all allegations showing the devise of the lands by the will, the law must hold that the title to the real estate, and consequently to the money awarded therefor, is vested in the heirs at law of the testator. Leave was given to the plaintiff to amend upon the usual terms; and without passing upon either of the other questions discussed in this case, we think the order appealed from should be affirmed, with ten dollars costs, and with the usual leave for the plaintiff to amend upon payment of costs.

DANIELS and BRADY, JJ., concurred.

Order affirmed, with ten dollars costs, and with leave for plaintiff to amend on payment of costs.